UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**ARTURO O. YNIGO and**          CASE NO.: _____
**MARISON MARTINEZ YNIGO,**

    Plaintiffs,

vs.

**NORWEGIAN CRUISE LINE d/b/a**
**NCL (BAHAMAS) LTD., A BERMUDA**
**COMPANY &**
**NCL CORPORATION LTD,**

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiffs, ARTURO O. YNIGO and MARISOL MARTINEZ YNIGO (herein "Plaintiffs" or "YNIGO"), by and through their undersigned counsel, and sue the Defendant, NORWEGIAN CRUISE LINE d/b/a NCL (BAHAMAS) LTD., A BERMUDA COMPANY, NCL CORPORATION LTD (herein "Defendant" or "NCL"), and further states:

## JURISDICTIONAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1333 and the forum selection clause of Plaintiff's passenger cruise ticket with Defendant, Section 12C.

2. This cause of action is for damages in excess of $75,000.

3. Pursuant to 28 U.S.C. § 1332, there is diversity of citizenship. Plaintiffs are citizens and residents of the State of Florida.

4. Defendant is a Bahamian corporation which is licensed to do business in Florida as a cruise line and pursuant to its Guest Ticket Contract, has submitted to the jurisdiction in Miami-Dade County, Florida. This is a maritime cause of action.

4. Plaintiffs have complied with all conditions precedent to bringing this cause of action, and/or all conditions precedent have been waived.

## **GENERAL ALLEGATIONS COMMON TO ALL COUNTS**.

5. Plaintiffs were passengers on the Defendant's vessel "Sky," which departed Miami, Florida, on July 4, 2016.

6. On or about July 6, 2016, the Plaintiff, ARTURO YNIGO, was enjoying the amenities of the ship like the other passengers on board.

7. The Plaintiff, ARTURO YNIGO, while wearing flip flops, entered the pool located on Deck 11 to enjoy a swim.

8. Plaintiff, ARTURO YNIGO, removed his flip flops to enter the pool and left them at the side of the pool. After being in the pool for a short while, Mr. Ynigo exited the pool and found that his flip flops had been removed from where he left them. He was forced to step out of the pool on to the deck in his bare feet.

9.. The deck is owned, maintained and operated by the Defendant.

10. The temperature of the surface of the deck was so hot that when the Plaintiff walked on it, (as any reasonable person would do when exiting the ship's pool), his feet were severely burned.

11. Defendant knew or should have known that the surface of the pool deck was unreasonably hot and yet did nothing to post any warnings or take appropriate steps to prevent passengers, including the Plaintiff, ARTURO YNIGO, from sustaining injury.

11. Plaintiff, ARTURO YNIGO, suffers from diabetic neuropathy and did not feel the severity of the heat as it burned his feet, so much so, that he did not realize he had left a trail of blood from the pool deck to his cabin when he discovered that his skin was so badly burned.

12. The Plaintiff sought immediate emergency care from the ship's infirmary, however, he discovered that he could not walk without experiencing severe and excruciating pain.

13. He was given minimal medical treatment and pain medication and was discharged, but not before having to pay his infirmary bill.

14. The remaining portion of his cruise, Plaintiff, ARTURO YNIGO, could not walk nor participate in activities due to his injuries and his wife, Plaintiff, MARISOL YNIGO, was forced to render medical care to her husband during the remainder of the cruise.

15. Upon return to port in Miami, Florida, the Plaintiff, ARTURO YNIGO, immediately went to hospital and was diagnosed with second degree burns to both of his feet and had to undergo a surgical procedure.

## COUNT ONE - NEGLIGENCE

Plaintiff re-alleges and incorporates paragraphs 1 through 15 as fully stated therein and further states:

16. At all times material hereto, Defendant owed the Plaintiffs (as a business invitees) a duty of reasonable care aboard its vessel and amenities therein

17. Defendant breached its duty of care to the Plaintiffs by way of its agents, servants and/or employees, by (including, but not limited to):

   a. Failing to maintain their floors in a reasonable safe condition, and by creating or allowing to exist for an unreasonable length of time a dangerous condition on the Pool Deck, to wit, flooring that was hot and/or which contained a substance, thereby causing burns to the Plaintiff;

   b. Failing to implement policies and procedures, or adhere to those policies and procedures, to maintain the floor for the safety of its passengers;

   c. Utilizing certain floor materials all the while knowing its passengers would be utilizing this decking during the cruise barefoot due to its immediate proximity to the pool entry and exit points;

   d. Directing passengers such as the Plaintiff by way of Defendant's agents, servants and/or employees, to walk across flooring all the while knowing this was a dangerous condition;

   e. Failing to post warning signs of a dangerous condition;

   f. Failing to cover the floor with appropriate safeguards about which its passengers could walk, despite its knowledge of the dangerous condition;

   g. Failing to inspect the flooring to make sure it was properly maintained in a safe condition for its passengers to traverse;

   h. Failing to hire sufficient personnel to maintain the floors;

      i.      Failing to hire the appropriate personnel to maintain the floors; and/or

      j.      Otherwise acting in a negligent manner with respect to the safety of the Plaintiff.

      k.      Failing to provide alternate materials that would disburse or absorb the heat so as not to cause injuries to the passengers, including the Plaintiff.

18.      As a proximate cause of the foregoing breach of duty, Plaintiff, ARTURO YNIGO, sustained serious and permanent injuries.

19.      As a direct and proximate result of the negligence of Defendant as described herein, Plaintiff, ARTURO YNIGO, was caused to suffer serious injuries to his body; has suffered pain, mental anguish and emotional distress as a result of the serious injuries to his body; incurred medical expenses; suffered physical handicap and a loss of the ability to enjoy life; suffered serious and permanent scarring, disfigurement, and embarrassment; and suffered loss of earnings and loss of ability to earn money. These injuries are permanent and continuing in nature and Plaintiff shall continue to suffer the injuries, damages, and losses in the future.

**WHEREFORE**, Plaintiffs demand judgment for all damages and costs from Defendant, and for such other and further relief as this Court deems just and proper.

## COUNT TWO – LOSS OF CONSORTIUM

Plaintiff re-alleges and incorporates paragraphs 1 through 19 as fully stated therein and further states:

20.      Plaintiffs, ARTURO YNIGO and MARISOL MARTINEZ YNIGO, are lawfully married continue to live together as husband and wife.

21.     That as a result of the wrongful and negligent acts of the Defendant, Plaintiff MARISOL YNIGO, was caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship as a result of the injuries sustained by her husband ARTURO YNIGO.

22.     That all the aforesaid injuries and damages were caused solely and proximately by the negligence of the Defendant.

WHEREFORE, the Plaintiff, MARISOL MARTINEZ YNIGO, demands judgment against the Defendant for compensatory damages, and for such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues so triable.

**ROBERT W. RODRIGUEZ, P.A.**
Attorney for Plaintiffs
5001 SW 74th Court, Suite 105
Miami, Florida 33155
Telephone:    (305) 444-1446
Facsimile:    (305) 907-5244
E-Serve: RobertWRodriguez@GMail.Com
**/s/Robert W. Rodriguez**
Robert W. Rodriguez, Esq.
Florida Bar No.: 856975

KAREN B. PARKER, P.A.
ATTORNEY FOR PLAINTIFFS
6520 S.W. 159th Place
Miami, Florida 33193
(305) 343-8339
By:  _Karen B. Parker_
KAREN B. PARKER, ESQUIRE
Florida Bar No.: 54482
kparker@kbparkerlaw.com
kbparkerlaw@gmail.com

DATED this 20th day of January, 2017.